**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOHN D. PARKER, II, et al., | ) | No. CV 06-903-PHX-MHM |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| KEVIN JOHN WITASICK and WHITNEY S. WITASICK, | ) ) ) | |
| Defendant. | ) ) ) | |

Presently pending before this Court are Defendants' Motion to Dismiss (Doc. 12), which is fully briefed; Plaintiffs' Motion to Strike Defendants' Motion to Dismiss and Motion for Entry of Default Judgment (Doc. 13), to which Defendants have filed a Response (Doc. 15); and Defendants' Motion for Relief from Page Limitation of Local Rule 7.1(b)(1) (Doc. 16). Defendants also have submitted a Supplemental Submission in Support of their Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint (Doc. 22). After considering all of the papers submitted and holding oral argument, the Court issues the following Order.

BACKGROUND

Plaintiffs John Parker, II, Regina Parker, Leslie Thompson, Jerald Thompson, and Witasick, Parker & Thompson ("Plaintiffs") originally filed their complaint against Defendants Kevin Witasick and Whitney Witasick ("Defendants") in October 2005 in the

Maricopa County, Arizona Superior Court. Defendants timely removed the action to this Court on March 27, 2006.

In their Complaint, Plaintiffs claim that Defendants owe Plaintiffs money for breach of a partnership agreement allegedly formed under Arizona law between Defendant Mr. Witasick and Plaintiffs Mr. Parker, and Mr. Thompson to provide legal services to clients. Interestingly, Mr. Witasick was placed on disability inactive status with the State Bar of Arizona on October 12, 2001.

Plaintiffs claim that the first time they became aware that Mr. Witasick did not consider that a partnership had been formed between himself, Mr. Parker, and Mr. Thompson was on November 29, 2004 when they received an answer to admission statement Mr. Witasick submitted in prior litigation in which MPNS sued Mr. Witasick, Mr. Parker, and Mr. Thompson. Mr. Wisasick's statement was as follows:

> [a] partnership of Witasick, Parker & Thompson was never created, no formal partnership documents were ever signed, no partnership money was ever advanced by John Parker or Jerald Thompson, Mr. Witasick remained the owner of all assets of his law business, and, Mr. Witasick maintained control over the property of his law business.

Plaintiffs have included eight counts in their Complaint including breach of contract (Count One); breach of fiduciary duty (Count Two); accounting (Count Three); fraud (Count Four); non-disclosure (Count Five); unjust enrichment (Count Six); conversion (Count Seven); and unpaid wages (Count Eight). Defendants have moved to dismiss the entire case claiming that Plaintiffs have failed to state a claim upon which relief can be granted.

Defendants assert that Plaintiffs' Complaint is barred by the doctrine of judicial estoppel or, in the alternative, that the entirety of Plaintiffs' Complaint is barred by the statute of limitations. Defendants also assert that Plaintiffs have not plead their fraud claim (Count Four), nor their non-disclosure claim (Count Five), with sufficient particularity.

Plaintiffs contend that Defendants' Motion to Dismiss should be denied for the following reasons: (1) Defendants' Motion was untimely; (2) Defendants' allegations of Plaintiffs' judicial admissions is not supported by law; (3) Defendants' claims of judicial

estoppel are not supported by law; (4) Defendants' allegations that the claims are barred by the statute of limitations is not supported by fact; (5) Plaintiffs have sufficiently plead the allegations of fraud; and (6) the issue of the sufficiency of the written contract is not appropriately before this Court.

Plaintiffs also have filed a Motion to Strike Defendants' Motion to Dismiss (Doc. 13). In their Motion to Strike, Plaintiffs assert that Defendants' Motion to Dismiss should be stricken for failure to comply with the page limitations put forth in Local Rule 7.2(e). Plaintiffs alternatively assert that Defendants should be deemed to have consented to a denial of their Motion to Dismiss due to their failure to comply with the Local Rules. Plaintiffs also assert that Defendants should not have additional time to respond to the Complaint and default should be entered against Defendants.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e). In all averments of fraud or mistake, however, the circumstances constituting fraud or mistake must be stated with particularity. Fed.R.Civ.P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

DISCUSSION

Defendants have filed a Motion to Dismiss, asserting that the entirety of Plaintiffs' lawsuit should be dismissed because it is barred by the doctrine of judicial estoppel. Defendants also assert that the entirety of Plaintiffs' lawsuit is barred by the statute of limitations. In addition, Defendants claim that Plaintiffs' conversion claim is unviable because Mr. Witasick had ownership over the insurance policy Plaintiffs' claim he converted. Finally, Defendants assert that both Plaintiffs' fraud and nondisclosure claims must be dismissed for failure to plead them with particularity as required by the Federal Rules of Civil Procedure and under state law in Arizona.

In their Response, Plaintiffs contend that Defendants' Motion to Dismiss should be denied because it was untimely, exceeded the page limits in violation of the Local Rules, and that Defendants' arguments of judicial estoppel falls outside the scope of Plaintiffs' Complaint and, therefore, is an inappropriate argument in a motion to dismiss. Plaintiffs also have filed a Motion to Strike Defendants' Motion to Dismiss asserting again that Defendants' Motion to Dismiss violates the Local Rules. Plaintiffs further claim that their Complaint is not barred by either the doctrine of judicial estoppel nor the statute of limitations.

Before reaching the merits of the doctrine of judicial estoppel and statute of limitations arguments, the Court finds it necessary to address a number of preliminary procedural issues. Defendants' Motion to Dismiss is thirty (30) pages in length with a cover page resembling a cover to an appellate brief. The Court acknowledges that defense counsel is a New Jersey attorney admitted to Arizona pro hac vice in the instant case. Nevertheless, counsel is expected to know and abide by this Court's Local Rules. Local Rule 7.2(e) states that without leave from the Court, a motion and its supporting memorandum must not exceed seventeen (17) pages. Defendants have since filed a Motion for Relief from Page Limitation of Local Rule 7.1(b), in which they explain that, once the Motion is reformatted and put in the appropriate font size, the Motion is only twenty (20) pages, exceeding the page limit by

1 only three (3) pages.[1] Though the Court does not condone such disregard for the Local
2 Rules, in the interest of litigating the issues, rather than deciding the issue on a procedural
3 technicality, the Court hereby grants Defendants' Motion for Relief from Page Limitations.
4 However, the Court stresses that to practice before this Court, Defense counsel *must* learn
5 and uphold the Rules of this Court.[2]

6 With regard to Defendants' untimely responsive pleading, the Court is alarmed that
7 Defendants are seeking leave of the Court to file an untimely responsive pleading *from*
8 *Plaintiffs' counsel*. Also alarming is that Plaintiffs' counsel granted such leave of the Court,
9 and is now using the untimeliness of Defendants' responsive pleading against Defendants in
10 Plaintiffs' Motion to Strike. This Court instructs both defense and Plaintiffs' counsel to learn
11 and abide by the Rules of this Court. Only the Court may grant leave to extend filing
12 deadlines. See Rule 6(b) of the Federal Rules of Civil Procedure. Despite the parties
13 careless disregard for the Court's Rules, the Court, nevertheless, will entertain Defendants'
14 Motion to Dismiss. Plaintiffs' Motion to Strike and Motion for Entry of Default Judgment
15 is denied.

16 Finally, this Court underscores to both parties that Arizona law applies to the claims
17 in this lawsuit. The Court admonishes counsel to cite the appropriate precedential law in
18 their briefs. The parties citations to cases outside this jurisdiction when relevant precedent
19 exists is not well taken.

22 I.   JUDICIAL ESTOPPEL

---

[1] Interestingly, Defendants' Motion cites the wrong Local Rule. Local Rule 7.2(e) dictates that without leave of the Court, a motion may not exceed seventeen (17) pages in length. In requesting leave to exceed the page limit, Defendants cite to Local Rule 7.1(b)(1), which describes such details as the page and font size.

[2] Since Defendants initially filed their Motion to Dismiss, defense counsel has submitted numerous additional filings. Defense counsel has yet to submit a filing with the proper cover page. See Local Rule 7.1(a).

As stated above, Defendants assert that the entirety of Plaintiffs' Complaint should be dismissed based on the doctrine of judicial estoppel. In their "judicial estoppel" argument, Defendants assert a defense of judicial admission and judicial estoppel. The Court will address each defense separately after it considers Plaintiffs' argument that the Court may not consider statements outside the four corners of the complaint, or alternatively, that Defendants' Motion to Dismiss should be converted to a motion for summary judgment.

A. PLAINTIFFS' REQUEST TO CONVERT DEFENDANTS' MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT

Plaintiffs argue that Defendants' entire judicial estoppel argument relies on statements that are outside the four corners of the Plaintiffs' Complaint. Plaintiffs therefore assert that it is inappropriate for the Court to consider Defendants' arguments based on such statements. Alternatively, Plaintiffs assert that if the Court does consider Defendants' arguments based on statements outside the Complaint, the Court should convert the Motion to Dismiss to a Motion for Summary Judgment and allow Plaintiffs a reasonable opportunity to present relevant material as guaranteed by Rule 12(b) of the Federal Rules of Civil Procedure.

A court may convert a motion to dismiss to a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." Fed.R.Civ.P. 12(b). An exception to this general rule exists allowing a court to take judicial notice of matters in the public record, including records and reports of administrative bodies and records of prior litigation, without converting a motion to dismiss into a motion for summary judgment. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

The only statements at issue here that are outside the four corners of the Complaint are statements made in documents from prior litigation, of which Defendants request the Court to take judicial notice. As such, the present Motion to Dismiss need not be converted to a motion for summary judgment. Plaintiffs request to convert Defendants' Motion to Dismiss to a motion for summary judgment is denied.

1  B.     JUDICIAL ADMISSION

2       In the instant case, Defendants asks the Court to take judicial notice of an alleged
3  judicial admission in a previous case and, after so doing, grant their Motion to Dismiss. The
4  alleged judicial admissions are threefold.

5       According to Defendants, Mr. Witasick stated in a request for admission in the
6  previous Pitney Bowes case that:

> [a] partnership of Witasick, Parker & Thompson was never created, no formal partnership documents were ever signed, no partnership money was ever advanced by John Parker or Jerald Thompson, Mr. Witasick remained the owner of all assets of his law business, and, Mr. Witasick maintained control over the property of his law business.[3]

Defendants assert that after Plaintiffs reviewed Mr. Witasick's statements, Plaintiffs admitted, and Mr. Parker swore under oath, that everything in Mr. Witasick's response to the "request for admissions is true."

       Second, on January 15, 2007, Defendants filed a Supplemental Submission in Support of Defendants' Rule 12(b)(6) Motion to Dismiss (Doc 22) stating that they recently discovered that Plaintiff, Mr. Thompson filed an affidavit in prior litigation in which Mr. Witasick, Mr. Parker, and Mr. Thompson were co-defendants (MPNS, Inc. v. Witasick, Parker & Thompson, et. al., Maricopa County Superior Court, CV 2000-013766), whereby Mr. Thompson admitted that no partnership was formed between himself, Mr. Witasick and Mr. Parker. Defendants' new discovery is submitted as an alternative to their previous argument that evidence of Mr. Parker's alleged admission may be imputed to Mr. Thompson.

---

[3] In their original 30-page Motion to Dismiss, Defendants do not cite to anything after providing this "quotation." In Defendants' Reformatted Motion to Dismiss, attached as an exhibit to Defendants' Motion for Relief from Page Limitations of Local Rule 7.1(b)(1), Defendants include the same "quotation" and this time Defendants cite to the original 30-page Motion to Dismiss. Defendants claim the language is from a request for admission provided by Mr. Witasick in previous litigation. Without more, it is unclear from Defendants' papers exactly from where this language is quoted. What is clear is that this is an improper use of a quotation and is not well received.

- 7 -

Finally, Defendants request that the Court judicially notice an alleged judicial admission whereby Mr. Parker was asked during the Pitney Bowes litigation whether he had taken the position in earlier litigation that he was not a partner with Mr. Witasick (the basis for the present litigation). Mr. Parker responded by affirming that he had previously taken the position that he and Mr. Witasick were not partners.

Plaintiffs relies on case law from the District of Delaware and the Third Circuit to claim that Defendants' judicial estoppel argument, based on alleged prior judicial admissions, fails because Defendants have not established that the alleged admissions were made in the present case; that the alleged admissions are unequivocal; and that the alleged admissions were made in a *pleading* or stipulation.

Under Ninth Circuit and Arizona law, "[j]udicial admissions are formal admission in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of that fact." American Title Ins. Co. v. Lovelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988). Under Arizona law judicial admissions bind a party to the allegations made in its pleading, provided the pleadings have not been amended. When a party seeks to use a statement made by an adverse party in a different proceeding, that use, if admissible at all, is not conclusive but evidentiary only. See Fox v. Weissbach, 76 Ariz. 91, 95, 259 P.2d 258, 260 (1953).

> The party whose prior pleading is admitted as an admission against interest is entitled, if he can, to overcome by evidence the apparent inconsistency. It might be that it was made under a misapprehension or by inadvertence or mistake, or for the purpose of dispensing with formal proof.

Id. at 95, 259 P.2d at 261.

Contrary to Plaintiffs' assertion, Arizona law does not require that a judicial admission be made in the case presently being litigated.[4] Nor does Arizona law require a judicial

---

[4] Again, in making this assertion, Plaintiffs cites a District of Delaware case and a Third Circuit case.

1  admission be unequivocal.⁵  However, the Court does find that Arizona requires that a
2  judicial admission be made in a pleading or stipulation, as Plaintiffs correctly asserted.

3  Two of the statements Defendants seek admitted here as judicial admissions are the
4  result of discovery in prior litigation.  The third is a statement made during some sort of
5  hearing in which Defendants have submitted a partial transcript in which Plaintiff Mr. Parker
6  answered "yes" in response to a question about whether he had taken the position in prior
7  litigation that he was not a partner with Mr. Witasick.  However, it is unclear exactly from
8  what type of proceeding the testimony came.

9  Regardless, judicial admissions from former proceedings are not conclusive.  They
10 are evidentiary only and the party against whom the evidence is admitted must be given an
11 opportunity in the present proceedings to overcome the evidence presented.  Therefore, it
12 would be inappropriate to grant dismissal based on these prior statements without giving
13 Plaintiffs an opportunity to overcome such evidence.  Thus, the Court denies Defendants'
14 request that the Court take judicial notice of the alleged judicial admissions.

15 C.    JUDICIAL ESTOPPEL

16 "Judicial estoppel is a doctrine that protects the integrity of the judicial system by
17 'prevent[ing] a party from taking an inconsistent position in successive or separate actions.'"
18 Bank of America Nat. Trust and Sav. Ass'n v. Maricopa County, 196 Ariz. 173, 175 (Ariz.
19 App. 1999) (citing State v. Towery, 186 Ariz. 168, 182, 920 P.2d 290, 304 (1996)).  For
20 judicial estoppel to apply, three requirements must be met: "(1) the parties must be the same,
21 (2) the question involved must be the same, and (3) the party asserting the inconsistent
22 position must have been successful in the prior judicial proceeding."  Id. (citing Standage
23 Ventures, Inc. v. State, 114 Ariz. 480, 562 P.2d 360 (1977)).  Judicial estoppel should be
24 invoked cautiously.  See Standage Ventures, Inc. V. State, 114 Ariz. at 184, 920 P.2d at 306.

---

⁵ In making the assertion, Plaintiffs cites a District of New Jersey case, a District of Delaware case, a Third Circuit case and a Sixth Circuit case.

1  In their Motion to Dismiss, Defendants assert that Plaintiffs' entire lawsuit must be
2  dismissed based on the doctrine of judicial estoppel.  Defendants claim that the instant case
3  must be judicially estopped based on evidence from the previous cases of <u>Pitney Bowes</u>
4  <u>Credit Corporation v. Witasick, et al.</u>, Maricopa Superior Court, CV 2003-019631 (2003),
5  and <u>MPNS, Inc. v. Witasick, Parker & Thompson, et. al.</u>, Maricopa County Superior Court,
6  CV 2000-013766 (2000) – two cases in which Defendants contend that Plaintiffs admitted
7  that no partnership agreement existed between Defendant here Mr. Witasick and Plaintiffs
8  here Mr. Parker and Mr. Thompson.  Defendants argue that the doctrine of judicial estoppel
9  disallows Plaintiffs from claiming in this lawsuit that a partnership agreement existed after
10 previously asserting that no partnership had been formed in an earlier lawsuit.

11  In the previous cases, Mr. Witasick, Mr. Parker, and Mr. Thompson were co-
12 defendants defending against claims by Pitney Bowes in the first instance and MPNS, Inc.
13 in the second.  Neither Pitney Bowes nor MPNS, Inc. are involved in the present litigation.
14 At oral argument, Defendants asserted that <u>Pitney Bowes</u> and <u>MPNS, Inc.</u> involved the same
15 parties because of the cross-claims Mr. Witasick, Mr. Parker, and Mr. Thompson had against
16 one another.  However, the Court finds that the instant case does not involve the same parties
17 because neither Pitney Bowes nor MPNS are involved in this lawsuit and because the cross-
18 claims Defendants discussed at oral argument are not clearly documented in the judicially-
19 noticed court records from the previous lawsuits that Defendants submitted.

20  Also at oral argument, Defendants asserted that the questions at issue in <u>Pitney Bowes</u>
21 and <u>MPNS, Inc.</u> were the same as the question here – whether a partnership existed.  Though
22 it appears that questions of partnership formation existed in the previous lawsuits, the main
23 thrust of those suits involved creditors' claims against the Mr. Witasick, Mr. Parker, and Mr.
24 Thompson for past-due payments.

25  Regardless of whether the same questions existed in <u>Pitney Bowes</u> and <u>MPNS, Inc.</u>,
26 which the Court is not convinced is true, the Court must also consider whether the party
27 asserting the inconsistent position was successful in the prior judicial proceeding.  Again, it
28 is unclear from the judicially-noticed court records from either the <u>Pitney Bowes</u> case, nor

1 the <u>MPNS, Inc.</u> case, resulted in a judgment for Defendant, as would be required for judicial
2 estoppel to apply. Thus, Defendants have not proven the applicability of judicial estoppel.
3 Accordingly, Plaintiffs are not judicially estopped from alleging their claims against
4 Defendants in the present case.

5 II.   STATUTE OF LIMITATIONS

6 Defendants argue that all eight of Plaintiffs' causes of action must be dismissed based
7 on the running of the statute of limitations. Plaintiffs contend that Defendants' arguments
8 must fail because they are based on judicial assertions from a previous proceeding that are
9 inapplicable here. Plaintiffs further argue that the "discovery rule" applies so the statute of
10 limitations does not accrue until the Plaintiffs knew or should have known that Mr. Witasick
11 was not recognizing a partnership agreement between himself, Mr. Parker, and Mr.
12 Thompson.

13 As stated above the Court may take judicial notice of matters in the public record,
14 including records and reports of administrative bodies and records of prior litigation.
15 <u>Emrich</u>, 846 F.2d at 1198. A statute of limitations defense may be raised by a motion to
16 dismiss where "averments of the complaint show conclusively to be barred by the statute of
17 limitations." <u>Ross v. Ross</u>, 96 Ariz. 249, 252, 393 P.2d 933, 935 (1964) (internal citations
18 omitted). Thus, the Court may take judicial notice of any relevant public records or records
19 of prior litigation if all of the above-mentioned factors are met.

20 In their Complaint, Plaintiffs state that "[o]n October 12, 2001, the Arizona Supreme
21 Court placed Mr. Witasick on disability inactive status with the State Bar of Arizona." <u>See</u>
22 Complaint General Allegation XVII. However, Plaintiffs also state in their Complaint that
23 the first time they discovered that Mr. Witasick was taking the position that there never was
24 a partnership formed between himself, Mr. Parker, and Mr. Thompson was in a November
25 29, 2004 answer to admission submitted by the Witasicks in previous litigation in which Mr.
26 Witasick stated that,

27     A partnership of Witasick, Parker & Thompson was never created, no formal
    partnership documents were ever signed, no partnership money was ever
28

- 11 -

> advanced by John Parker or Jerald Thompson, Mr. Witasick remained the owner of all asserts of his law business, and Mr. Witasick maintained control over the property of his law business.

Complaint General Allegation XXIII, referencing <u>MPNS, Inc. V. Witasick, Parker & Thompson, et.al.</u>, Maricopa County Superior County No. CV2000-0137666. Thus, Plaintiffs' assert that the statute of limitations runs from November 29, 2004.

Defendants assert that the entirety of Plaintiffs' Complaint is based on the alleged falsity of Defendant Witasick's statement that no partnership was ever formed. Defendants further assert that Plaintiffs have admitted in previous litigation that any partnership that may have existed was dissolved by operation of law on October 12, 2001 when Mr. Witasick was placed on disability inactive status. Therefore, the statute of limitations started running from the day the Arizona Supreme Court placed Mr. Witasick on disability inactive status.

Plaintiffs cite <u>Gust, Rosenfeld & Henderson v. Prudential Insurance Co. of America</u>, 182 Ariz. 586, 898 P.2d 964 (Ariz. 1995) to assert that Arizona utilizes the "discovery rule" in determining when a cause of action accrues for purposes of determining the statute of limitations. In their Reply, Defendants assert that <u>Gust</u>, a case on which Plaintiffs rely, is a legal malpractice case that has no application to the instant case. <u>See</u> Defs. Reply at 7:10-12. In fact, <u>Gust</u> is a landlord-tenant breach of lease case that provides as Plaintiffs claim – that Arizona applies the "discovery rule." Defendants attempt to mislead the Court is not well taken.

The defense of the statute of limitations is never favored by the courts. <u>Sato v. Van Denburgh</u>, 123 Ariz. 225, 227, 599 P.2d 181, 183 (1979); <u>Andersen v. Thude</u>, 42 Ariz. 271, 274, 25 P.2d 272, 273 (1933); Charles M. Smith, <u>Arizona Practice: Civil Trial Practice</u> § 291 (1986). Arizona has long followed the rule that the cause of action accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, of the cause of action. <u>Morrison v. Acton</u>, 68 Ariz. 27, 198 P.2d 590 (1948); <u>Nielson v. Arizona Title Insurance and Trust Co.</u>, 15 Ariz.App. 29, 485 P.2d 853 (1971).

Though Defendants assert that the statute of limitations began running on October 12, 2001 – the day Mr. Witasick was placed on disability inactive status with the State Bar of Arizona – the discovery rule dictates another outcome. The obvious date of the end of any partnership between the parties, October 12, 2001, is distinguishable from the date when Plaintiffs knew or should have known that Mr. Witasick had no intention of honoring the existence of any partnership between the parties.

Furthermore, the Arizona Ethical Rule 7.5 states that lawyers may not claim to work in a partnership if they actually are not partnered. In fact, in September 2002, the State Bar of Arizona issued an opinion directing the parties to drop Mr. Witasick from the firm name, letterhead, business cards, and stationery while Mr. Witasick was on disability inactive status. It appears that there was a period of time that ended October 12, 2001, during which Mr. Witasick, Mr. Parker, and Mr. Thompson practiced law together under the name "Witasick, Parker & Thompson." Such practice would be a violation of Arizona's Ethical Rule 7.5 if the parties had not actually been partnered during that time. Merely ending the partnership on that date does not mean that the Plaintiffs also became aware of Mr. Witasick's non-recognition of the existence of the formation of any partnership on that day.

Thus, in light of the disfavor of the statute of limitations defense, and that Mr. Witasick, Mr. Parker, and Mr. Thompson practiced under the name "Witasick, Parker & Thompson" – implying a partnership between the parties, the Court finds that the statute of limitations began to run on November 29, 2004 – the date when Plaintiffs learned that Mr. Witasick did not recognize that any partnership had ever been formed between the parties. The Court finds November 29, 2004 to be the date from which the statute of limitations begins to run for all eight causes of action. Plaintiffs initiated the instant lawsuit in Maricopa Superior Court on February 9, 2005. Therefore, Plaintiffs have filed their claims within the tolling period of the statute of limitations – even the one-year statute of limitation for Plaintiffs' unpaid wages cause of action.

III. CONVERSION

- 13 -

1  Defendants assert that Plaintiffs conversion claim must be dismissed because Mr.
2  Witasick cannot have converted disability payments that were rightfully paid to him as part
3  of his insurance policy.

4  Conversion is an act of wrongful control or dominion over personal property in denial
5  of or inconsistent with the rights of another. Sterling Boat Co. v. Arizona Marine, Inc., 134
6  Ariz. 55, 653 P.2d 703 (App.1982); Scott v. Allstate Ins. Co., 27 Ariz.App. 236, 553 P.2d
7  1221 (1976). See also Restatement (Second) of Torts §§ 223(A) and 237 (1965).

8  Plaintiffs state that their claim for conversion includes claims for partnership money
9  owed to Plaintiffs and for "overhead expense payments" – two assertions that Defendants'
10 Motion to Dismiss Plaintiffs' conversion cause of action does not address. In their Reply,
11 Defendants do not address Plaintiffs' assertions of validity as to their conversion cause of
12 action.

13 The Court finds that Plaintiffs have adequately asserted a cause of action for
14 conversion. Therefore, it is inappropriate to dismiss Plaintiffs' cause of action for conversion
15 at this time.

16                              IV. FRAUD AND NON-DISCLOSURE

17 Fraud must be pleaded with particularity as to the circumstances of fraud, such as
18 time, place, persons, false statements, and why those statements are false. In re GlenFed Inc.
19 Sec. Litig., 42 F.3d 1541, 1548 n. 7 (9th Cir. 1994). Mere allegations that the defendants'
20 actions were "fraudulent" are insufficient. Hall v. Romero, 141 Ariz. 120, 124, 685 P.2d 757,
21 761 (Ct.App.1984). A complaint fails to state an actionable claim unless all of the following
22 elements have been alleged with particularity: (1) a representation, (2) its falsity; (3) its
23 materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent
24 that it should be acted upon by the person and in the manner reasonably contemplated; (6)
25 the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon,
26 (9) his consequent and proximate injury. Nielson v. Flashberg, 101 Ariz. 335, 338-39, 419
27 P.2d 514, 517-18 (1966).
28

1  Plaintiffs have asserted a cause of action for fraud and non-disclosure. In their fraud count, Plaintiffs assert (1) that Mr. Witasick conveyed to them that they had formed a partnership; (2) that no partnership had been formed; (3) that because of the falsity of the information they received less compensation than did Mr. Witasick; (4) that Mr. Witasick knowingly misled them, as evidenced by Mr. Witasick's direction to employees to pay compensation to him that was disproportionate to the compensation Mr. Parker and Mr. Thompson received; (5) that Mr. Witasick intended for Mr. Parker and Mr. Thompson to believe that they had formed a partnership; (6) that Mr. Parker and Mr. Thompson were unaware of Mr. Witasick's misrepresentation; (7) that they relied on Mr. Witasick's misrepresentations; (8) that Mr. Parker and Mr. Thompson had a right to rely on Mr. Witasick's misrepresentations; and (9) that they were damaged in the amount of $500,000 each as a result of Mr. Witasick's misrepresentations. The Court finds that Plaintiffs have pled fraud with sufficient particularity. Therefore, Defendants' Motion to Dismiss Plaintiffs' fraud cause of action is denied.

In their non-disclosure count (Count Five), Plaintiffs assert that Mr. Witasick failed to disclose a material fact to them, specifically, Plaintiffs assert that Mr. Witasick had a duty to disclose that he had no intention of partnering with Mr. Parker and Mr. Thompson and did not disclose such information. Plaintiffs also have adopted by reference the general allegations and the allegations contained in Counts One through Four. As stated above, Plaintiffs have adequately pled fraud in Count Four. In Count Five, Plaintiffs add specific allegations pertaining to their non-disclosure claim. Therefore, the Court finds that Plaintiffs have sufficiently pled their cause of action for non-disclosure with sufficient particularity to overcome a motion to Dismiss. Defendants' Motion to Dismiss Plaintiffs' non-disclosure cause of action is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike Defendants' Motion to Dismiss and Motion for Entry of Default Judgment (Doc. 13) is denied.

IT IS FURTHER ORDERED that Defendants' Motion for Relief from Page Limitation of Local Rule 7.1(b)(1) (Doc. 16) is granted.

IT IS FURTHER ORDERED that Plaintiffs' request to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. 12) is denied.

IT IS FURTHER ORDERED that Plaintiffs' request for leave to amend the Complaint is denied as moot.

IT IS FURTHER ORDERED that Defendants request for attorney's fees is denied.

DATED this 9th day of March, 2007.

Mary H. Murguia
United States District Judge