**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN D. PARKER II and REGINA PARKER, husband and wife; JERALD C. THOMPSON and LESLIE C. THOMPSON, husband and wife; WITASICK, PARKER & THOMPSON, a purported defunct partnership,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>KEVIN JOHN WITASICK and WHITNEY WITASICK, husband and wife,<br><br>　　　　　Defendants. | No. CV-06-903-PHX-GMS<br><br>**ORDER** |

On August 17 2009, the Court held the scheduled Final Pretrial Conference in this matter. A representative and counsel for Plaintiffs was present. Although no counsel for Defendants either participated in the preparation of a proposed final pretrial order, responded to the pending motions in limine, or appeared to participate at the final pretrial conference, Robert O. Dyer, who had withdrawn as counsel for Defendants last February, was present and indicated that he had been specially re-retained by Defendants for the unique purpose of appearing and asking the Court to postpone trial until sometime after a related criminal trial now scheduled in the District of Virginia for November. The Court denied that request. The Court further indicated that it would, on its own motion, strike the Answer and Counterclaims of the Defendants and enter default. Plaintiffs agreed to provide research on

the issue of whether Defendants were entitled to a jury trial on the remaining question of damages, and Mr. Dyer indicated he would check with Defendants to see if they would be participating in the damages phase of any resulting hearing or jury trial. A hearing was set to consider the question the next day at 2:30 in the afternoon.

Immediately prior to that August 18 hearing, the Court received from the Defendants their Brief on the Issues Raised by the Court on August 17, 2009. (Dkt. #99). The Motion made arguments against the entry of default and further requested an extension of time to brief the threatened default and have a hearing on the issue. The Court allowed Defendants additional time to brief the issue, and the parties received a hearing on it on August 25, 2009. Thus, pending before the Court are the two motions in limine submitted by the Plaintiffs (Dkt. # #. 93, 94), the Witasick's Motion to Extend (Dkt. # 99), and the Witasick's Motion to Set Aside Default (Dkt. #104).

**Background**.

Plaintiffs' claims against Defendants were removed to this Court in March of 2006. Early in this litigation, Defendants filed a motion to dismiss Plaintiffs' claims which was denied. Thereafter, Defendants filed their Answer and Counterclaims and the Court set a scheduling order that provided for a discovery cut-off of February 5, 2008 and a dispositive motion deadline of March 6, 2008. No dispositive motions were ever filed after the Plaintiffs' initial motion to dismiss was denied. The discovery and dispositive motion deadlines were never extended. The court docket reflects no discovery ever occurring in this matter other than, perhaps, the exchange of initial disclosure statements.

After the Court initially set a final pretrial conference and a trial date, the parties stipulated to postpone the civil trial pending a related and contemporaneously-scheduled criminal trial occurring in the Eastern District of New Jersey. The Court twice continued trial pending the criminal trial on the stipulation of the parties.

During the course of this litigation, three separate counsel have withdrawn as counsel for Defendants. In early February of 2009, Defendants third retained counsel, Robert O. Dyer and Cynthia R. Estrella from the firm of Polsinelli Shugart P.C., filed a motion to

withdraw as attorney of record for Defendants Witasick (Dkt. # 83). In that motion Defendants' counsel stated:

> Defendants Witasick's address last provided to Polsinelli Shughart is 114 Steeplebush Run, Swedesboro, NJ 08085. Upon information and belief, Defendants Witasick's current address may be 215 Coyote Run, Mullica Hill, NJ 09052-1954 (provided by U.S. Postal Service with returned mail as "forwarding time expired, return to sender").

The Court granted Polsinelli's motion to withdraw as counsel on February 5, 2009. But in doing so it ordered "all future pleadings, . . . are to be mailed directly to Defendants Kevin John Witasick and Whitney S. Witasick at the following last known addresses: 114 Steeplebrush Run, Swedesboro NJ o8l85 and 215 Coyote Run, Mullica Hill, NJ 09052-1954." (Dkt. # 85). No counsel were substituted to represent Defendants. Nevertheless, Mr. Witasick is legally trained and was formerly authorized to practice law in this state.

Shortly after the withdrawal of Polsinelli Shugart from representing Defendants, Plaintiffs moved again to postpone the third trial setting. In doing so, Plaintiffs represented to this Court that Mr. Witasick had been convicted on some of the counts related to tax evasion in the criminal trial for which the initial postponements had been granted. Plaintiffs further indicated, however, that the criminal charges had been severed for trial purposes and the charges related to insurance fraud were scheduled for several months later. They requested a third postponement until August of 2009 in light of this second impending criminal trial. Plaintiffs indicated that they had attempted to communicate with the Witasicks to obtain their stipulation to the postponement, but that the Witasicks did not respond in any way to Plaintiffs' attempts to contact them and had not responded to him. Plaintiffs further indicated that "Plaintiffs are unable to fully comply with the requirement for a joint proposed pretrial memorandum without the input of Defendants."

The Witasicks did not respond to the Third Request for Postponement.

The Court granted the third request for postponement but, rather than merely setting a new trial date, the Court set a scheduling conference with the parties for March 20, 2009. This order setting the scheduling conference was mailed by the Court to the Witasicks.

1 Shortly prior to the scheduling conference the Court received inquiries from the Witasick's
2 east coast counsel – a Mr. Falciani -- on how to arrange for local counsel to appear at the
3 scheduling conference or the necessary procedures for Mr. Falciani to appear *pro hac vice*.
4 Plaintiffs' counsel similarly represented at the scheduling conference that they had been
5 contacted by out-of-state counsel who was trying to arrange for representation of the
6 Witasicks at the scheduling conference. Nevertheless, neither the Witasicks themselves, Mr.
7 Falciani, nor any other counsel appeared on their behalf at the scheduling conference.

The Court indicated to Plaintiffs' counsel that it would grant their requested trial postponement until sometime in early August, but this would be the final postponement in light of the protracted nature of the case in Arizona. It set a trial date for August 24, 2009, set a Final Pretrial Conference for August 17, and further ordered that a joint proposed final pretrial order be filed on August 3. The Court further advised Plaintiffs that if it received no cooperation or response from the Witasicks in the preparation of the joint proposed pretrial statement, counsel could file the proposed order on his own. The Plaintiffs further moved at the hearing for the entry of default against the Witasicks for their failure to appear, telephonically or otherwise, at the scheduling conference. The Court directed Defendants to file the motion in writing. A copy of the minute entry describing the proceedings of the conference, including Plaintiffs' motion for sanctions and entry of default against Defendants, was mailed to Defendants by the Court on March 20.

In its Order Setting Final Pretrial Conference and Trial Date filed March 23, 2009 (Dkt. # 90), the Court ordered the parties to file a joint proposed pretrial order that would include specified information including "any exhibit, witness, or other evidence" that the parties intended to introduce at the trial of this matter. The order specifically and explicitly noted that "the Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure and listed in the Proposed Final Pretrial Order except to prevent manifest injustice." (Dkt. # 90). The parties were ordered to exchange drafts of the proposed final

1  pretrial order prior to filing with the Court. A copy of this scheduling order was mailed to
2  Defendants by the Court.

3  Plaintiffs, on June 11, subsequently filed a motion for sanctions for Defendants'
4  failure to appear at the scheduling conference. Plaintiffs requested that Defendants'
5  pleadings be stricken and default entered against them. The motion itself indicates that it was
6  "electronically filed this 11th day of June and mailed to" the Swedesboro and Mullica Hill
7  addresses to which the Court had ordered mailings be sent. Defendants did not respond to
8  the motion. On July 13, the Court entered its order granting sanctions against Defendants
9  for their failure to appear at the scheduling conference. But, the Court did not strike the
10 Defendants' pleadings or enter default. The Court mailed a copy of its order to Defendants
11 on July 13.

12 Plaintiffs' counsel avows to the Court that he called Defendants at least twice in the
13 month prior to the due date of the most recent draft proposed final pretrial order and three
14 times for the previously scheduled draft pretrial order and left messages on Defendants'
15 answering machine requesting their participation in preparing a proposed final pretrial order.
16 Plaintiffs' counsel avows that he received no response from Defendants. He thus mailed
17 Defendants a copy of Plaintiffs proposed final pretrial order, filed with the Court on August
18 3 together with his motions in limine. Defendants did not respond to telephone messages left
19 on their answering machine by Plaintiffs' counsel to coordinate their participation in the draft
20 of the Joint Proposed Final Pretrial Order. Defendants did not respond and still have not
21 responded with their own proposed pretrial order, or a response to the motions in limine.
22 Defendants did, however, send Mr. Dyer to the scheduled Final Pretrial Conference, not to
23 participate in the conference in any way, but to ask that the trial be postponed.

24 Defendants did not participate in the preparation of the Proposed Final Pretrial Order,
25 and as a result have not requested to present any witnesses or evidence at the upcoming trial,
26 nor have they objected to any of Plaintiff's proposed testimony or evidence. Defendants did
27 not offer any jury instructions or forms of verdict. When Defendants' motion to postpone
28 was denied and the Court indicated it would enter default against the Defendants, Defendants

- 5 -

filed a fairly extensive pleading with the Court within a day. The pleading presented arguments against the entry of default and requested additional time for briefing. That opportunity was provided to Defendants.

In that briefing, the Defendants argue that the Court should not enter default against them because they made some efforts to arrange for legal representation to appear for them at the March 20 scheduling conference, and they were ignorant of the Court's proceedings because Plaintiffs' counsel was misleading them and was not timely providing them notice of such proceedings. They further assert that Plaintiffs' counsel was not complying with the Court's Orders.

The Court rejects these arguments for the following reasons: Defendants cannot make any credible argument that they were unaware of their obligation to appear at the March 20 scheduling conference or were unaware of the dates set by the Court for the preparation of the joint proposed final pretrial order, the final pretrial conference or the trial itself. The Court further rejects any implication that Defendants were unaware that Plaintiffs had moved for the entry of default against them. Defendants make no argument that they did not receive the Courts' orders. At the time that Polsinelli Shugart withdrew in February, the Court directed further mailings to be sent to both addresses provided by Mr. Dyer at the time of his withdrawal. One of these addresses was the address at 215 Coyote Run in Mullica Hills, New Jersey. No orders sent by the Court to Defendant at this address were returned as undeliverable. As Defendants' own exhibit demonstrates, mailings sent to the Plaintiffs at 215 Coyote Run in Mullica Hills were being forwarded as late as June 23, 2009, to the Defendants' present address. Those orders include the order setting the March 20, 2009 scheduling conference, the minute entry concerning the March 20, 2009 scheduling conference that indicated that Plaintiffs had moved for sanctions, including the entry of default against the Defendants for their failure to attend the scheduling conference, the subsequent scheduling order dated March 23, and the Court's entry of sanctions against Defendants dated July 13, 2009. Plaintiffs demonstrably received these orders because, as they acknowledge, their East Coast attorney, Mr. Falciani, made at least some attempt to

1 arrange for representation of the Witasicks prior to the March 20 status conference. Further, 2 they knew when and where to have Mr. Dyer appear for his limited appearance at the time 3 the Final Pretrial Conference was scheduled. And, in their memorandum filed on August 18, 4 2009 they were familiar with the contents of the Court's July 11, 2009 Order imposing 5 sanctions against them.

To the extent that Defendants may have been experiencing some delay in receiving notice of progress of this litigation because they had moved from the addresses given to the Court by Mr. Dyer, it was the fault of no one but the Defendants. Pursuant to the local rules of the Court it is the obligation of the parties to keep the court and the parties updated as to their present current address. LRCiv. 83.3(d). (An . . . unrepresented party must file a notice of a name or address change . . . The notice must be filed no later than 10 days before the effective date of the change.") This, the Defendants failed to do. Yet, although the Court's rules required the Defendants to update the Court and the parties on their current address, and the post office reminded Defendants to inform those sending them mail of their new address, Defendants failed to do so. Further, Defendants cannot hold others responsible for the fact that they only pick up their mail weekly, or that, being aware of required action in this case, they left for a two-week vacation without undertaking that action.

Further, Defendants claim that Mr. Falciani indicated in conversations with Mr. Jensen prior to Plaintiffs' non-appearance at the March 20 scheduling conference that Plaintiffs could contact him with any requests for Defendants. This alleged statement by Mr. Falciani is denied by Mr. Jensen, but it is immaterial. Mr. Falciani never entered his representation of Defendants in this matter. Plaintiffs, therefore, were under no obligation to attempt to contact him..

Pursuant to Fed. R. Civ. P. 16(f) a Court may issue orders on its own motion if a party or its attorney fails to appear at a scheduling or other pretrial conference, is substantially unprepared to participate, or fails to obey a scheduling or other pretrial order of the court. In this case Defendants are in repeated violation of this rule. One of the sanctions explicitly authorized by the rules is "striking pleadings in whole or in part." Fed. R. Civ. P.

37(b)(2)(a)(iii). The Court initially, on its own motion, indicated it would strike Plaintiff's pleadings and order the entry of default.

Generally, prior to granting a sanction that amounts to a dismissal, as is the case here at least as it pertains to Defendants' counterclaims, the Court should consider:

> a five-part test to determine whether the dismissal sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal quotations omitted). However, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

Here, Plaintiffs are prejudiced by Defendants' ongoing refusal to comply with the Court's orders. Prior to the Court's determination to enter default, Defendants have not responded to any of Plaintiffs' inquiries since February. Thus, Plaintiffs have proceeded with the court-ordered procedures to prepare this matter for trial without Defendants' court-ordered participation. Permitting Defendants' constant "mulligans" only frustrates Plaintiffs' ability to justly present their claims. Further when Defendants fail to designate any witnesses, evidence, or jury instructions by which they propose to establish their counterclaims by submitting a proposed pretrial statement, they lose to ability to establish any claim on which they have the burden of proof. Thus, factor three favors dismissal of at least the Defendants' counterclaims.

Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. The Court has

already attempted the imposition of lesser sanctions on Defendants without effect. Defendants were sanctioned for their failure to appear at an ordered scheduling conference. The Court finds that Defendants were aware that they had been sanctioned, and yet Defendants made no effort to move the Court for reconsideration of its entry of sanctions[1], nor did they comply with the Court's Orders in the preparation of the Proposed Joint Pretrial Order and participation in the Joint Pretrial Conference.

For the reasons stated above, dismissal of Defendants' counterclaims is appropriate. Upon reconsideration of its August 17 decision, however, the Court will not strike the Defendants' Answer and Counterclaims or order the entry of default against Defendants because there remains a lesser, but significant, sanction which is sufficient in this case to fairly adjust the parties' interests. Pursuant to the Court's previous Orders that were provided to Defendants, Defendants knew that by failing to participate in the process of preparing the Proposed Joint Pretrial Order, failing to submit a Proposed Final Pretrial Order, and failing to participate in the Final Pretrial Conference, especially in the face of existing lesser sanctions for their previous non-compliance with Court Orders, Defendants would be unable to present testimony or evidence in support of their claims and defenses.

Therefore, the Court will enter a Final Pretrial Order that includes the substance of Plaintiffs' Proposed Final Pretrial Order, **once Plaintiffs transmit an electronic version of that proposed order** to the Court. Because Defendants have failed to submit a Proposed Final Pretrial Order, they will be precluded from presenting evidence or testimony in this matter, except to prevent manifest injustice.

## CONCLUSION

Having **granted** the Defendants' Motion to Extend (Dkt. #99) at least in part,

---

[1] In their Motion To Set Aside, Defendants suggest that the Court vacate its previous entry of sanctions. Yet, even assuming that such a motion is timely, the Defendants offer no justification sufficient to vacate its previous sanctions order. Defendants were aware of their obligation to appear at the scheduling conference and did not do so.

1 **IT IS FURTHER ORDERED GRANTING IN PART** the Witasicks' Motion to Set
2 Aside Default (Dkt. # 104) in that, the Court will not enter an order requiring the clerk to
3 strike the Defendants' Answer and Counterclaim and/or enter default against the Defendants.

**IT IS FURTHER ORDERED DISMISSING** Defendants' counterclaims.

**IT IS FURTHER ORDERED RESETTING** trial to September 1, 2 and 3 and September 9, 10 and if needed September 11 to begin unless otherwise ordered at 9:00 A.M. in this division.

**IT IS FURTHER ORDERED** denying as moot by this Order and the Final Pretrial Order to be entered in this case, Plaintiffs' Motion in Limine Re: to Exclude Evidence and Witnesses not Disclosed by Defendants (Dkt. # 94), and Plaintiffs' Motion in Limine Re: To Exclude Testimony re: Counterclaims and Affirmative Defenses (Dkt. # 93).

The parties are informed that eight jurors will be selected with no alternates. The Court will voir dire the entire panel. When the Court has completed the voir dire questioning of the entire panel, the attorneys will be allowed a brief period for follow-up questions of individual jurors. The attorneys will not use this time to engage in voir dire excesses such as arguing their case, extracting promises or speculating on jury instructions. During their follow-up questioning of individual jurors, the attorneys may not ask any question of the entire jury panel unless the question is pre-approved by the Court. During a recess the parties will exercise their challenges for cause. The peremptory challenges will be simultaneous and secret. *See* LRCiv 47.1.

Upon further examination of their Proposed Pretrial Order, the Plaintiffs, who requested four trial days in which to present their testimony, are allowed a maximum of eighteen hours to present their case including their opening argument, direct examination of witnesses, any redirect of witnesses and closing argument. Defendants who requested one and possibly two trial days in which to make argument and conduct cross-examination, are allowed a maximum of nine hours to present their case including opening argument, their cross-examination of witnesses, and their closing argument. The Court will keep the time. The Court will give final instructions to the jury before closing argument. Jurors will not be

allowed to ask questions during trial, but will be allowed to take notes.  By **August 27, 2009** Plaintiffs' counsel will contact Kathleen Zoratti at (602) 322-7233 to coordinate the pre-marking of exhibits.  The parties will also contact Brian Lalley at (602) 322-7131 **prior to August 27, 2009** to arrange a time prior to trial to learn how to use the Court's electronic and trial presentation equipment.

DATED this 26th day of August, 2009.

_____
G. Murray Snow
United States District Judge